**TAOBIN ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2396–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Alexander Kwok–Ho Yu, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation; Jem C. Sponzo, Trial Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Present: DENNIS JACOBS, Chief Judge, CHESTER J. STRAUB, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Taobin Zheng, a native and citizen of the People's Republic of China, seeks review of a May 7, 2007 order of the BIA affirming the October 14, 2005 decision of Immigration Judge ("IJ") George T. Chew denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Taobin Zheng,* No. A 98 714 815 (B.I.A. May 7, 2007), *aff'g* No. A 98 714 815 (Immig.Ct.N.Y.City, Oct. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–06 (2d Cir. 2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ Here, substantial evidence supports the agency's adverse credibility determination. The IJ accurately identified an inconsistency between Zheng's testimony that the police beat him in July 2003, after which he escaped from a hospital and went into hiding, and his written application which indicated that he did not stop working for the construction company until May 2004. Although given the opportunity, Zheng could not account for this discrepancy. Because it involved the crux of Zheng's claim that he was beaten by police after demanding back wages from his employer, and that he went into hiding immediately thereafter, this discrepancy supported the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Likewise, Zheng's indication in his written application that he went into hiding in May 2004—not July 2003 as he testified—reinforced the IJ's finding that his testimony was inconsistent with his application. *See id.*

Similarly, the IJ correctly noted that while Zheng testified that he went directly to his great aunt's home following his escape from the hospital, he indicated in his written application and his mother stated in her letter that he first returned to his

own home. Zheng testified that when he stated in his written application that he went to "my home," he meant his great aunt's home, and that his mother's letter was incorrect because she "just knows a little bit how to read and write." The agency was not required to credit these explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Because the only evidence of a threat to Zheng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). We therefore do not reach the agency's alternative finding that Zheng failed to establish a nexus to a protected ground.

Lastly, Zheng's assertion that the IJ erred by failing to conduct an independent analysis of his CAT claim is without merit. This Court has held that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context where the CAT claim did not turn upon credibility. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004). Here, however, Zheng failed to establish a basis for his CAT claim that was separate from his claims for asylum and withholding of removal. Thus, because the only evidence that Zheng was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED, and Zheng's pending motion for a stay of removal in this petition is DISMISSED as moot.